UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-162-JBC

ALICE M. KENNEDY,                                                                          PLAINTIFF,

V.                              **MEMORANDUM OPINION AND ORDER**

MICHAEL ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                           DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (DE 25). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and deny it in part.

The plaintiff requests $8,565.00 in attorney's fees and $104.13 in expenses. The Commissioner does not object to the amount of expenses, and he agrees that the plaintiff is entitled to an award of attorney's fees. The Commissioner does, however, object to the plaintiff's requested recovery amount. Specifically, the Commissioner argues that counsel's hourly rate – $150 per hour – is excessive and that the number of hours for which counsel seeks compensation is not reasonable. The Commissioner argues that the plaintiff is entitled to attorney's fees of $6,475.00, along with the requested expenses.

### I. Hourly Rate

"[A]ttorney fees shall not be awarded in excess of $125 per hour unless the

court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  In determining the hourly rate, the court must first determine the market rate for similar legal services performed by lawyers of comparable skill, experience, and reputation.  If the market rate exceeds the EAJA rate, the court may, in its discretion, allow counsel to charge a higher hourly rate.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (6th Cir. 1992).  This court has previously recognized that the prevailing rate in the Eastern District of Kentucky is $125 per hour.  *See, e.g., McGuire v. Barnhart,* No. 5:04-cv-177-JBC (E.D. Ky. July 18, 2006); *Stamper v. Barnhart*, No. 5:03-cv-468-JBC (E.D. Ky. Sept. 16, 2004).  To the extent that counsel seeks to collect for a higher hourly rate, he has the burden of justifying this request.  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

     The plaintiff supports his request for a $150-per-hour rate with a Consumer Price Index ("CPI") detailing the change in the price of legal services in the United States.  This CPI – which tracks the change in price of legal services for urban consumers throughout the United States – does not reflect a change in price for seeking judicial review of a decision of the Commissioner of Social Security in this district.  Moreover, while the court is not bound by fee awards in other cases, it notes that the majority of the cases submitted by the parties show that the prevailing hourly rate in the Eastern District of Kentucky for a case of this nature is $125.  Because the court is not persuaded that a higher rate is justified, it will

award fees at a rate of $125 per hour.

### II. Hours Expended

Under the EAJA, a plaintiff may recover fees only for time that counsel reasonably expended on her case. *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). It is the plaintiff's burden to prove that the hours spent were reasonable; she may not recover for hours that are "excessive, redundant, or otherwise unnecessary," or for work ordinarily performed by support staff. *Id.*; *see also Granville House Inc. v. Dep't of Health, Educ., and Welfare*, 813 F.2d 881, 884 (8th Cir. 1987).

The Commissioner asserts that the plaintiff's counsel should not be compensated for 5.3 of the 57.1 hours for which he requests attorney's fees. The Commissioner objects to these 5.3 hours because they consist of time spent on seventeen clerical tasks that could be performed by non-attorney personnel. *See* DE 27, at 7-9. The plaintiff responds that, due to economic and legal circumstances, he is unable to employ staff persons to handle these tasks and that he must therefore perform them himself.

The items to which the Commissioner objects generally consist of the filing and/or retrieval of documents from the court's electronic filing system and the "receipt and review" of various documents sent to the plaintiff from the United States Marshal or the court. The court agrees that the majority of these specific items are indeed clerical in nature; a non-attorney staff member could easily be instructed to retrieve and file documents from the mail or the court's electronic

3

filing system for the attorney to use at a later time. Though the court is sympathetic to counsel's inability to hire others to perform these functions, it does not believe it appropriate to require the Commissioner to compensate counsel at the rate of $125 per hour to do them himself. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988) ("[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment.").[1]

Nonetheless, the court also finds that certain of the items to which the Commissioner objects required some exercise of counsel's "education and judgment." For example, the Commissioner objects to counsel's request for compensation for the .3 hours that counsel spent retrieving the Commissioner's motion for an extension of time and his review of said motion. *See* DE 27, at 8. While the retrieval of that document may be a clerical task, the review and analysis of it is a job reserved for counsel. Based on a review of the plaintiffs' fee petition and the Commissioner's objections thereto, the court finds that 1.0 of the 5.3 hours to which the Commissioner objects were reasonably expended on counsel's

---

[1]The court also notes that 1.25 of the 5.3 hours to which the Commissioner objects correspond to time spent responding to an order entered by the court on October 6, 2006, which required the plaintiff to show cause as to why she had failed to comply with an earlier order. Another 1.25 of these hours consist of time expended in responding to a notice of deficiency issued by the Clerk to the plaintiff's counsel. The court deems it improper for the Commissioner to compensate counsel for work he expended in correcting his own failures to comply with this court's orders and the Local Rules.

4

review and evaluation of documents filed in this action.

For the foregoing reasons, the court finds that 52.8 hours of counsel's time was reasonably expended on this case. At $125 per hour, the plaintiff's counsel is entitled to attorney's fees of $6,600.00, plus expenses of $104.13.

**IT IS ORDERED** that the plaintiff's motion for attorney's fees and costs (DE 25) is **GRANTED IN PART** and **DENIED IN PART**. The defendant shall pay the plaintiff attorney's fees of $6,600.00 and expenses of $104.13.

Signed on May 2, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY